[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 213.]

OFFICE OF DISCIPLINARY COUNSEL *v.* LISOTTO.

[Cite as *Disciplinary Counsel v. Lisotto*, 2002-Ohio-638.]

*Judges—Misconduct—Public reprimand—Accepting football tickets from attorney who has come or is likely to come before the judge—Failing to avoid appearance of impropriety—Failing to file complete and timely financial disclosure statements.*

(No. 01-1559—Submitted October 16, 2001—Decided January 30, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-08.

———————————

*Per Curiam.*

{¶ 1} In 1993 and 1994, while respondent, Robert G. Lisotto of Youngstown, Ohio, Attorney Registration No. 0003668, was a judge in the Mahoning County Court, and in 1997 and 1998 when he was judge of the Mahoning County Court of Common Pleas, he accepted up to two tickets to attend a maximum of eight Pittsburgh Steeler National Football League home games, per season, from attorney Stuart Banks. During that time, Banks appeared as counsel of record in numerous cases before respondent. However, there was no evidence of any favor, preference, or improper action between respondent and Banks in any case in which Banks appeared before respondent.

{¶ 2} While attending a judges' conference in September 1999, respondent realized that his acceptance of tickets from Banks might be improper, and on September 26, 1999, respondent gave Banks a check for $3,000 to pay for the football game tickets he received in the years in question. In April 2001, respondent amended his financial disclosure forms for the years 1993, 1997, and 1998 to reflect

his receipt of the tickets.  In May 2001, respondent amended his 1994 financial disclosure form to reflect the same information.

{¶ 3} In February 2001, relator, Office of Disciplinary Counsel, filed a complaint charging that the conduct of respondent violated the Canons of Judicial Ethics.  Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 4} Based on the testimony received at a hearing on June 26, 2001, and the stipulations of the parties, the panel found the facts as stated and further found that at one time respondent had referred a potential client to Banks, but respondent was not involved in the litigation, if any, that resulted from the referral.  The panel concluded that respondent's acceptance of the tickets violated Canon 2(C)(5)(h) of the Code of Judicial Conduct (a judge shall not accept a gift  from a person who has come or is likely to come before the judge) and Canon 4 (a judge shall avoid the appearance of impropriety in all of the judge's actions).  It further concluded that respondent's failure to include the receipt of the gifts on his original financial statements violated Canon 2(D)(3)(b) (full-time judges shall file complete and timely financial disclosure statements).  In mitigation the panel received letters from over fifty judges, attorneys, and members of the community attesting to the good character of respondent, and noted that respondent submitted payment for the tickets to Banks as soon as he discovered his error.  The panel recommended that the respondent receive a public reprimand.

{¶ 5} The board adopted the findings, conclusions, and recommendation of the panel.  We have reviewed the record and adopt the findings, conclusions, and recommendation of the board.  Respondent is hereby publicly reprimanded.  Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, for relator.

*J. Gerald Ingram; Kegler, Brown, Hill & Ritter* and *Geoffrey Stern,* for respondent.

_____